UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**KENNETH KESSINGNER**  **MOVANT**

**v.**  **CIVIL ACTION NO. 4:07-CV-P128-M**

**UNITED STATES OF AMERICA**  **RESPONDENT**

### MEMORANDUM OPINION

Movant, Kenneth Kessingner, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (DN 1) and a motion to hold his § 2255 motion in abeyance until the state court has completed its adjudication of his case (DN 3). For the following reasons, the Court will deny his motion to hold in abeyance and dismiss his § 2255 motion without prejudice.

Movant was convicted on October 12, 2006, pursuant to a guilty plea for drug offenses and sentenced to 120 months. He did not appeal. His § 2255 motion argues that he should be resentenced because he is eligible for the "safety valve." He states that he did not qualify for the safety valve at sentencing because he had pleaded guilty to a misdemeanor charge in state court in Marion County, Tennessee. He further states that because of his guilty plea to that charge and because he was on probation on that conviction at the time of his federal offenses, he had three criminal history points at the time the district court sentenced him. However, he states that his Marion County conviction has now been vacated due to ineffective assistance of counsel and because his plea was not voluntary.[1] Therefore, Movant asks to be resentenced as being

---

[1] The Court notes that there is an apparent discrepancy with Movant's assertion in his § 2255 motion that his state-court conviction has now been vacated and his request in his motion to hold in abeyance until his case in Marion County court has been adjudicated. The Court presumes for purposes of deciding the motion to hold in abeyance that Movant has received some favorable consideration in the Marion County court but that for some reason the

qualified for the safety valve provision.

At the same time he filed his § 2255 motion, Movant filed a motion to hold his § 2255 motion in abeyance pending the final outcome of the Marion County adjudication, at which point he will notify this Court of the outcome. He states that this § 2255 motion and the state case are related and that the outcome of the § 2255 motion depends entirely on the outcome of the Marion County case. He explains that the reason he filed his § 2255 when he did was due to the fact that the one-year filing period was about to expire. It appears from examination of his motion that Kessingner believes that his conviction became final ten days after judgment, *i.e.*, on October 22, 2006, and that he had one year from that date, or until October 22, 2007, to file his § 2255 motion.

Under the provisions of § 2255, a one-year limitation period applies for a movant to bring a habeas corpus claim, and the start of that period is determined by the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

adjudication is not yet complete.

28 U.S.C. § 2255. A movant collaterally attacking his federal sentence, based on a state court vacatur of a prior state conviction, has one year from the date he received notice of the order vacating the prior state convictions. *Johnson v. United States*, 544 U.S. 295, 310 (2005). This one-year limit is provided if movant sought to have those convictions overturned with due diligence in state court after entry of judgment in the federal case with the enhanced sentence. *Id*.

Based on Movant's contention that he has a pending state court action in the Tennessee court, his current § 2255 motion is premature. Accordingly, this case is not ripe for adjudication; this Court does not currently have jurisdiction to provide the relief requested by the § 2255 motion. In the event that Movant is successful in having his state conviction overturned, he may file a motion in this Court pursuant to 28 U.S.C. § 2255. At that time, this Court will determine whether the motion is timely.

By separate order, this Court will deny the motion to hold in abeyance and dismiss Movant's § 2255 motion without prejudice.

Date:


cc: Movant, *pro se*
 U.S. Attorney
4414.009